# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**CHESTER R. OSTROWSKI**
Partner
costrowski@mclaughlinstern.com
Direct Dial: (212) 455-0454

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066

www.mclaughlinstern.com

**GREAT NECK, NEW YORK**
**MILLBROOK, NEW YORK**
**WESTPORT, CONNECTICUT**
**WEST PALM BEACH, FLORIDA**
**NAPLES, FLORIDA**

August 31, 2021

**VIA E-FILING (CM/ECF)**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Owhonda v. Credit Acceptance Corporation, et al.*
            E.D.N.Y. Case No. 2:21-cv-03413-JMA-ARL
            **Request for Pre-Motion Conference**

Dear Judge Azrack:

      This firm represents Defendant Credit Acceptance Corporation ("Credit Acceptance") in the above-referenced action. Pursuant to Section IV.B. of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding Credit Acceptance's anticipated motion seeking an Order: (i) dismissing certain purported causes of action alleged by Plaintiff Alexander Owhonda ("Plaintiff") against Credit Acceptance in the Complaint filed on June 17, 2021 [CM/ECF Doc. 1] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P 12(b)(6); and (ii) awarding Credit Acceptance such other and further relief as it deems just and proper (the "Anticipated Motion"). In the alternative, Credit Acceptance requests a briefing schedule with leave to file and serve more comprehensive papers in support of the Anticipated Motion in accordance with the procedures set forth in Section IV.F.2. of Your Honor's Individual Rules. The bases for the Anticipated Motion are as follows[1]:

**Factual Background**

      This action arises out of Plaintiff's purchase of a used 2013 Dodge Challenger (the "Vehicle") from Defendant Northshore Motor Leasing LLC (the "Dealership") pursuant to a Retail Installment Contract dated August 1, 2020 (the "Contract"). In sum and substance, Plaintiff alleges that the Dealership committed various acts and omissions with respect to the purchase and sale transaction, which constituted, in Plaintiff's view, "common law fraud," as well as violations of: (1) the federal Motor Vehicle Information and Cost Savings Act, 29 U.S.C.

---

[1]     Due to the three-page limit on pre-motion conference requests, this submission does not include all arguments and legal authority that Credit Acceptance anticipates would be included in support of the Anticipated Motion should more comprehensive papers be permitted.

**McLaughlin & Stern, LLP**
Hon. Joan M. Azrack, U.S.D.J.
August 31, 2021
Page 2

§ 32701 *et seq.*; (2) the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); (3) the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), together with N.Y. Vehicle & Traffic Law § 417 and 15 N.YCRR 78.13(c); (4) N.Y. General Business Law §§ 349 and 350 (the "GBL"); and (5) the New York Motor Vehicle Retail Installment Sales Act, N.Y. Pers. Prop. Law § 301 *et seq.* (the "MVRISA"). Plaintiff broadly and summarily asserts, in connection with each purported cause of action, that Credit Acceptance is subject to liability pursuant to the Federal Trade Commission's "Holder Rule," 16 C.F.R. 433.2, and "its New York State analog," N.Y. Pers. Prop. Law § 302(9) (collectively, the "Holder Rules"). *See* Compl. ¶¶ 274, 305, 323, 368, 392, 412, 434, 451, 465, and 477.

For the reasons set forth below, Plaintiff fails to state a claim upon which relief can be granted against Credit Acceptance under TILA, the MVRISA, the MMWA, and/or Section 349 of the NY GBL. Indeed, all four of these purported causes of action are inadequately pled as against Credit Acceptance under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and are otherwise subject to dismissal as against Credit Acceptance under well-settled principles of New York law.

**Plaintiff Fails to State a Claim Against Credit Acceptance Under TILA and the MVRISA**

As a threshold matter, TILA contains limitations on liability specifically intended by Congress to protect an assignee of a consumer contract, which, like Credit Acceptance here, "was not responsible for and . . . had no notice of TILA disclosure violations at the time of an assignment." *Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994). More specifically, TILA unequivocally provides that an assignee may be liable *only where a seller's* violation is "*apparent on the face of the disclosure statement" or other assigned documents*. *See* 15 U.S.C. § 1641(a)). Because the expansive scope of potential assignee liability provided for under the Holder Rules directly and irreconcilably conflicts with the express limitations established by TILA, the Holder Rules are preempted, and Plaintiff's conclusory allegations in Paragraphs 305 and 323 of the Complaint that Credit Acceptance is liable for the Dealership's alleged violations of TILA pursuant to the Holder Rules are entirely false. *See*, *e.g.*, *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519, 544 (E.D.N.Y. 2006) (Sifton, J.).

In fact, there is no basis for imposing vicarious liability on Credit Acceptance for any alleged disclosure violation by the Dealership, absent an allegation that such violation was "apparent on the face of the disclosure statement' or other assigned documents. *Id.* Since the Complaint contains no such allegation, Plaintiff's TILA claims – and his MVRISA claim – must all be dismissed with prejudice as against Credit Acceptance.[2]

---

[2] The MVRISA claim is a TILA claim "in disguise." *See* Compl. ¶¶ 458-461. Claimant cannot escape federal preemption simply by recasting alleged TILA violations as a claim under the MVRISA. *See*, *e.g.*, *Pilgrim v. Metro Chrysler*, No. Civ. A. 03-3219, 2005 WL 61454, at *1 (E.D. Pa. Jan. 11, 2005) (dismissing state law claims against assignee because they related to disclosure of credit terms and were, therefore, barred by TILA). Notably, Plaintiff's claim that the Dealership did not provide the necessary TILA disclosures in a form that he could keep is also flatly contradicted by his admissions that "the TILA disclosures were contained in the [Contract]" and the Dealership provided a copy of the Contract in an envelope before Plaintiff first took possession of the Vehicle and drove it off the lot. *See*, *e.g.*, CM/ECF Doc. 1 ¶¶ 309 and 319.

**McLaughlin & Stern, LLP**
Hon. Joan M. Azrack, U.S.D.J.
August 31, 2021
Page 3

### Plaintiff Fails to State a Claim Against Credit Acceptance Under the MMWA

In relevant part, the MMWA provides that "*only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person.*" 15 U.S.C. § 2310(f) (emphasis added).  Courts in the Second Circuit interpreting this provision have found that it "trumps the Holder Rule" and "prohibits assignee liability where the assignee is not the person who created the written warranty." *Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157, 175 (E.D.N.Y. 2016) (Brodie, J.).  Since there is no allegation in the Complaint that Credit Acceptance itself created any written warranty, Plaintiff's MMWA claim must be dismissed with prejudice as against Credit Acceptance.

### Plaintiff Fails to State a Claim Against Credit Acceptance Under NY GBL § 349

To satisfy the essential elements of a claim under Section 349 of the NY GBL, a plaintiff must, "at the threshold, charge conduct that is consumer-oriented," meaning that the conduct has a "broad impact on consumers at large." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 662 N.E.2d 763, 770 (1995) (citations omitted).  Stated differently, "the gravamen of the complaint must be consumer injury or harm to the public interest." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F.Supp.3d 526, 535 (E.D.N.Y. 2015) (Bianco, J.) (quotations and citations omitted).  As a result, both state and federal courts in New York have repeatedly held that "private" disputes between parties do not give rise to claims under Section 349.  *See*, *e.g.*, *New York Univ.*, 87 N.Y.2d at 321; *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26-27, 647 N.E.2d 741, 745 (1995).  It is similarly well-settled that, "where a plaintiff only makes conclusory allegations about misrepresentations affecting consumers generally, a Section 349 claim must be dismissed." *Kilgore*, 89 F.Supp.3d at 536 (citing cases).

Here, Plaintiff alleges that "Defendants' deceptive acts and practices were consumer-oriented" in only the most vague and conclusory manner [Compl. ¶¶ 421-424], and his more specific allegations regarding the purported acts and practices giving rise to this claim [*id.* ¶¶ 417-418] make clear that the "gravamen of the complaint" is nothing more than a "private" dispute between Plaintiff and the Dealership.  In short, Plaintiff's allegations are simply not enough to allow his Section 349 claim to survive a motion to dismiss.

Based on the foregoing, and for the reasons to be discussed further at the pre-motion conference and/or in additional supporting papers, the Anticipation Motion is meritorious and should be granted in its entirety.

                                                Respectfully submitted,

                                                Chester R. Ostrowski

cc:     All Counsel of Record (via CM/ECF)