# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**CHESTER R. OSTROWSKI**
Partner
costrowski@mclaughlinstern.com
Direct Dial: (212) 455-0454

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066

www.mclaughlinstern.com

**GREAT NECK, NEW YORK**
**MILLBROOK, NEW YORK**
**WESTPORT, CONNECTICUT**
**WEST PALM BEACH, FLORIDA**
**NAPLES, FLORIDA**

October 13, 2021

**VIA E-FILING (CM/ECF)**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Owhonda v. Credit Acceptance Corporation, et al.*
E.D.N.Y. Case No. 2:21-cv-03413-JMA-ARL
**Request for Pre-Motion Conference**

Dear Judge Azrack:

This firm represents Defendant Credit Acceptance Corporation ("Credit Acceptance") in the above-referenced action. Pursuant to Section IV.B. of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding Credit Acceptance's anticipated motion seeking an Order: (i) dismissing certain purported causes of action alleged by Plaintiff Alexander Owhonda ("Plaintiff") against Credit Acceptance in the First Amended Complaint filed on September 29, 2021 [CM/ECF Doc. 11] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P 12(b)(6); and (ii) awarding Credit Acceptance such other and further relief as the Court deems just and proper (the "Anticipated Motion"). In the alternative, Credit Acceptance requests a briefing schedule with leave to file and serve more comprehensive papers in support of the Anticipated Motion in accordance with the procedures set forth in Section IV.F.2. of Your Honor's Individual Rules. The bases for the Anticipated Motion are as follows[1]:

**Factual Background**

This action arises out of Plaintiff's purchase of a used 2013 Dodge Challenger from Defendant Northshore Motor Leasing LLC (the "Dealership") pursuant to a Retail Installment Contract dated August 1, 2020. In sum and substance, Plaintiff alleges that the Dealership committed various acts and omissions with respect to the purchase and sale transaction, which constituted, in Plaintiff's view, "common law fraud," as well as violations of: (1) the federal

---

[1] Due to the three-page limit on pre-motion conference requests, this submission does not include all arguments and legal authority that Credit Acceptance anticipates would be included in support of the Anticipated Motion should more comprehensive papers be permitted.

**McLaughlin & Stern, LLP**
Hon. Joan M. Azrack, U.S.D.J.
October 13, 2021
Page 2

Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 *et seq.*; (2) the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); (3) the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), together with N.Y. Vehicle & Traffic Law § 417 and 15 N.YCRR 78.13(c); (4) N.Y. General Business Law §§ 349 and 350 (the "GBL"); and (5) the New York Motor Vehicle Retail Installment Sales Act, N.Y. Pers. Prop. Law § 301 *et seq.* (the "MVRISA"). In her original Complaint, Plaintiff broadly and summarily asserted, in connection with each purported cause of action, that Credit Acceptance was subject to liability for the Dealership's alleged acts and omissions pursuant to the Federal Trade Commission's "Holder Rule," 16 C.F.R. 433.2, and "its New York State analog," N.Y. Pers. Prop. Law § 302(9) (collectively, the "Holder Rules"). *See* CM/ECF Doc. 1 ¶¶ 274, 305, 323, 368, 392, 412, 434, 451, 465, and 477. After Credit Acceptance filed a pre-motion conference request on August 31, 2021, and counsel for Plaintiff and Credit Acceptance telephonically met and conferred regarding the various pleading deficiencies raised therein, Plaintiff decided to file and, in fact, did file the First Amended Complaint. *See* CM/ECF Docs. 7, 8, and 11.

However, while Plaintiff has correctly deleted the previously asserted TILA claims against Credit Acceptance from his pleading, he still fails to state a claim upon which relief can be granted against Credit Acceptance under the MVRISA, the MMWA, and/or Section 349 of the GBL. To be sure, for the same reasons set forth in Credit Acceptance's prior pre-motion conference request, all three of these purported causes of action are inadequately pled as against Credit Acceptance under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and are otherwise subject to dismissal as against Credit Acceptance under well-settled principles of New York law.

**Plaintiff Fails to State a Claim Against Credit Acceptance Under the MVRISA**

Apparently agreeing with Credit Acceptance as to its potential liability under TILA (or lack thereof), Plaintiff has properly removed from his pleading the allegation that Credit Acceptance may be liable for TILA violations committed by the Dealership (if any) pursuant to the Holder Rules. *Compare* CM/ECF Docs. 1 and 11. However, Plaintiff still alleges, in the First Amended Complaint, that Credit Acceptance may be liable, pursuant to the Holder Rules, for MVRISA violations committed by the Dealership (if any).

As previously argued, the MVRISA violations alleged by Plaintiff clearly relate to alleged improper or incomplete disclosures of *credit terms* covered by TILA. *See* CM/ECF Doc. 11 ¶¶ 480-482 (relying on MVRISA provision requiring all disclosures required under TILA and, specifically, alleging failure to disclose "true finance charge, annual percentage rate, amount financed and schedule of payments"). They are, therefore, nothing more than TILA violations "in disguise," which are preempted by the federal statute and cannot be asserted against Credit Acceptance, as a mere assignee, absent a plausible allegation that the violations were "apparent on the face of the disclosure statement" or other assigned documents." *See* 15 U.S.C. § 1641(a); *see also Matter of People v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 114, 863 N.Y.S.2d 615, 620 (2008) (quoting 54 Fed. Reg. 13855, 13863 (providing that "[s]tate laws relating to the terms of credit required to be disclosed or the manner in which such terms must be disclosed are preempted"). Since the First Amended Complaint contains no such allegation, Plaintiff's MVRISA claim must be dismissed with prejudice as against Credit Acceptance. *See id.*

**McLaughlin & Stern, LLP**
Hon. Joan M. Azrack, U.S.D.J.
October 13, 2021
Page 3

### Plaintiff Fails to State a Claim Against Credit Acceptance Under the MMWA

As pointed out in Credit Acceptance's prior pre-motion conference request, in relevant part, the MMWA provides that "*only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person.*" 15 U.S.C. § 2310(f) (emphasis added).  Courts in the Second Circuit interpreting this provision have found that it "trumps the Holder Rule" and "prohibits assignee liability where the assignee is not the person who created the written warranty." *Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157, 175 (E.D.N.Y. 2016) (Brodie, J.).  Since there is no allegation in the First Amended Complaint that Credit Acceptance itself created any written warranty, Plaintiff's MMWA claim must be dismissed with prejudice as against Credit Acceptance.

### Plaintiff Fails to State a Claim Against Credit Acceptance Under GBL § 349

To satisfy the essential elements of a claim under Section 349 of the GBL, a plaintiff must, "at the threshold, charge conduct that is consumer-oriented," meaning that the conduct has a "broad impact on consumers at large." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 662 N.E.2d 763, 770 (1995) (citations omitted); *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F.Supp.3d 526, 535 (E.D.N.Y. 2015) (Bianco, J.) (quotations and citations omitted).  Thus, both state and federal courts in New York have repeatedly held that "private" disputes between parties do not give rise to claims under Section 349.  *See id.*

Here, the gravamen of Plaintiff's claim under Section 349 is a "private" dispute between Plaintiff and the Dealership (not Credit Acceptance).  Indeed, Plaintiff alleges that Credit Acceptance's liability under Section 349 arises pursuant to the Holder Rules [CM/ECF Doc. 11 ¶ 456], and none of the purportedly "deceptive" conduct is alleged to have been committed by Credit Acceptance, which, as assignee, had nothing to do with the "advertised and agreed price" of the vehicle and had absolutely no contact with Plaintiff prior to his execution of the subject contract [*see id.* ¶ 433].  Accordingly, Plaintiff's reliance on the Assurance of Discontinuance ("AOD") filed in connection with the settlement of certain claims asserted against Credit Acceptance in Massachusetts [*id.* ¶¶ 440-441] is entirely misplaced.  That reliance is flawed for additional reasons, including, without limitation, that the AOD does not relate to allegations of conduct occurring in New York and specifically provides that it "does not constitute an admission by [Credit Acceptance] of any fact or noncompliance with any state or federal law, rule, or regulation." *Id.*, Ex. 17.  As such, the Section 349 claim should be dismissed.

Based on the foregoing, and for the reasons to be discussed further at the pre-motion conference and/or in additional supporting papers, the Anticipation Motion is meritorious and should be granted in its entirety.

Respectfully submitted,

Chester R. Ostrowski

cc:     All Counsel of Record (via CM/ECF)