# FAGENSON & PUGLISI, PLLC
**Attorneys At Law**
450 Seventh Avenue-Suite 704
New York, New York 10123

|  |  |  |
|---|---|---|
| **Lawrence M. Fagenson** | Tel: (212) 268-2128 | of Counsel |
| **Concetta Puglisi** | Fax: (212) 268-2127 | Steven Candela |
| **Novlette R. Kidd** |  | Scott G. Cerbin |

--------
**Linda V. Rampertab**

October 20, 2021

The Honorable Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Owhonda, et al. v. Credit Acceptance Corp., et al., Case No.:21-cv-03413-JMA-ARL**

Dear Judge Azrack,

This office represents plaintiffs in the captioned civil matter. We write in response to the letter-motion of defendant Credit Acceptance Corporation ("CAC") (Dkt. No. 13) in contemplation of its motion for partial dismissal of the First Amended Complaint ("FAC"). Dkt. No. 11.

Defendant auto dealership Northshore Motor Leasing LLC ("Northshore Motor") sold the two young and vulnerable African American plaintiffs, Alexander Owhonda and Justin Watford a vehicle so defective in mechanical condition that it failed to start less than 24 hours after Northshore Motor sold it to plaintiffs, its check engine and oil change signals illuminated and, less than one week after its sale, the engine overheated necessitating an overhaul and replacement of the cooling system. But this was just the beginning of plaintiffs' understanding of the defects which beset the vehicle at the time Northshore Motor delivered it to them, which defects are detailed in the FAC and include defective brakes, defective tires and defective suspension system.

In addition to selling plaintiffs a defective vehicle, Northshore Motor defrauded plaintiffs by, *inter alia*: increasing the advertised and agreed price of the vehicle by $6,131, obliging plaintiffs to buy a practically worthless service contract for $1,648 and recording inaccurate mileage for the vehicle on the title, the service contract and otherwise. Northshore Motor assigned the sale contract to CAC.

Plaintiffs repeatedly sought redress from Northshore Motor but were spurned. So, they bring this action seeking damages against defendants pursuant to the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 *et seq*., (the Federal Odometer Act); damages against Northshore Motor pursuant to the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.; damages against defendants pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*., as well as pursuant to the New York Uniform Commercial Code ("NYUCC") § 2-314, New York Vehicle and Traffic Law ("NYVTL") § 417 and 15 NYCRR 78.13(c); injunctive relief and damages against defendants pursuant to New York General Business Law ("NYGBL") §§ 349–350 for defendants' deceptive acts and practices and false advertising; damages against defendants for common-law fraud; and relief against defendants pursuant to New York Motor

Vehicle Retail Instalment Sales Act ("MVRISA")–New York Personal Property Law § 301 *et seq*. Northshore Motor has been served with the FAC (Dkt. No. 14), as has been CAC. Instead of filing an answer, CAC requests leave to file a motion to dismiss three of the several causes of action which plaintiffs assert against it. CAC's arguments are so unsupported in law that we ask the Court to deny CAC leave to file a dismissal motion. In the alternative, we ask that the Court deem CAC's letter-motion and this response as the fully-briefed motion, and deny CAC's motion to dismiss. *National Coalition on Black Civic Participation v. Wohl*, _____

**Plaintiffs State A Claim Against Credit Acceptance Corporation Under the MMWA**

CAC claims that plaintiffs' MMWA claim is not viable as against it because the MMWA "prohibits assignee liability where the assignee is not the person who created the *written* warranty". CAC's letter-motion ("L-M") at 2, citing 15 U.S.C. § 2310(f) (emphasis added). However, CAC has not apprehended that plaintiffs' MMWA claims against CAC rest on Northshore Motor's violation of *implied* warranties: the implied warranty of serviceability implied by New York State in every contract for the sale of a motor vehicle–NYVTL § 417; and the implied warranty of merchantability implied by New York State in every contract for the sale of goods–NYUCC § 2-314. The exclusion of assignee liability provided in § 2310(f) applies only to written or express warranties and does not apply to implied warranties. Therefore, assignee liability as against CAC under the federal and state Holder Rules for the dealership's breach of these two implied warranties is unimpeded.

In *Pyskaty v. Wide World of Cars, LLC*, 2019 WL 917153 (S.D.N.Y. Feb. 25, 2019), confronted with a claim for breach of the implied warranty of merchantability, the Court thoroughly analyzed the issue of assignee liability under the MMWA for written warranties as opposed to implied warranties made by the car dealer. The Court first examined the plain text of § 2310(f), which on its face is limited to *written* warranties. Further, the Court reasoned that nowhere in the MMWA is there a similar limitation of assignee liability for breach of an implied warranty arising under state law. The Court concluded:

> Accordingly, the Court agrees with Plaintiff's interpretation of the reach of section 2310(f), and declines to find that its limitation bars assignee liability for breach of implied warranty claims.
>
> Given the Holder Rule's express mandate that assignees are subject to all claims a purchaser can bring against the seller, and the absence of a provision in the MMWA expressly limiting assignee liability for breach of implied warranty, the Court denies BMW Bank's motion for summary judgment on Count I

*Id.* at 12–13 (citing approvingly *Diaz v. Paragon Motors of Woodside*, 424 F.Supp.2d 519 (E.D.N.Y. 2006 where the Court denied, on the theory of assignee liability under the Holder Rules, bank's motion for summary judgment for car dealer's breach of implied warranty under NYVTL § 417-a). The *Pyskaty* Court also distinguished *Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157 (E.D.N.Y. 2016), the sole case relied upon here by CAC, reasoning that the plaintiff in *Pierre* alleged a breach of an express, written warranty contained in a "GWC Warranty contract", not a breach of an implied warranty.

### Plaintiffs State A Claim Against Credit Acceptance Corporation Under the MVRISA

CAC's argument for dismissal of the MMWA is not readily understandable. The one case cited by CAC, *Matter of People v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 894 N.E.2d 1, 863 N.Y.S.2d 615 (2008), does not stand for the proposition for which it was cited by CAC. In fact, plaintiffs have alleged more than a breach of the proper disclosure of credit terms required by TILA. Plaintiffs have also alleged that the dealership did not include all the agreements of the parties in the retail sale contract, which allegation does not pertain to the TILA disclosure requirements. FAC ¶¶ 482-83.

### Plaintiffs State A Claim Against Credit Acceptance Corporation Under the NYGBL

Without citation to authority, CAC argues that plaintiffs' claims against CAC under the NYGBL should be dismissed because the dealership's misconduct is not "consumer-oriented" as required under the GBL and because the dealership's misconduct "had nothing to do with" CAC. CAC's L-M at 3. Courts in the Second Circuit have time and time again held that the typical GBL claims against car dealers concern conduct that is "consumer-oriented" where, as here, the claims are that the car dealer acted towards plaintiffs as it would towards any other consumer similar to plaintiffs seeking to buy a vehicle. The defendants in *Pyskaty*, *supra*, made the same not "consumer-oriented" argument CAC makes here. In denying their motion for summary judgment, the Court reasoned:

> Courts have traditionally applied General Business Law § 349 in the context of consumer sales transactions. *Teller v. Bill Hayes, Ltd.*, 630 N.Y.S.2d 769, 773 (2d Dep't 1995). The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising.

*Id*. at 16. Further, in *Pyskaty*, the Court allowed the GBL claims to proceed to trial against both the car dealer and the bank, the latter by virtue of the Holder Rules. Plaintiffs have also alleged that defendants' misconduct affect consumers at large in New York. FAC ¶¶ 442-45, so it matters not that the CAC Assurance of Discontinuance concerns Massachusetts residents only.

For the foregoing reasons, plaintiffs respectfully request that CAC be denied leave to file a motion to dismiss on the ground of futility or, that the Court deem the exchange of letters as the fully-briefed motion and deny CAC's motion. We thank the Court for your kind consideration of the foregoing.

Respectfully Submitted,
FAGENSON & PUGLISI, PLLC


By: */s/  Novlette R. Kidd*
    NOVLETTE R. KIDD, ESQ.