# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Suite 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

April 25, 2023

VIA ECF FILING ONLY

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Owhonda, et al., v. Credit Acceptance Corporation, et al.*
               Case Number 2:21-cv-03413-JMA-ARL

Your Honor:

      Please be reminded that I represent Defendant NorthShore Motor Leasing LLC, in the above referenced action.  This matter is presently in Court ordered arbitration.  I am writing to request an adjournment of the arbitration, as follows:

      Attached hereto please find an executed Order to Show Cause in the matter of Chabrier, et al., v. Deo, et al., Nassau County (New York) Supreme Court index number 617224/2022.  That action (in sum and substance) is an action (*inter alia*) to determine ownership of Defendant NorthShore Motor Leasing LLC.

      I represent most of the Defendants in that action.  I am only named in the action individually to the extent that corporate funds were once in my escrow account (although they were moved prior to any action being filed and it is expected that I will be dismissed as a Defendant once the Motions are decided).  The Order to Show Cause and my cross Motion brought on behalf of the Defendants are still pending before that Court.  Extensive discussions have taken place to resolve that case since January, to no avail.  Accordingly, last week Judge Sharon Gianelli ordered oral argument on the pending OSC and cross Motions (the one Defendant in that action that I do not represent, Libertas Funding, LLC., also filed a cross Motion).

      I am writing to you now due to the following problem:  The files of NorthShore Motor Leasing, including all documents related to this action, were taken by the Plaintiffs from the Nassau County action referenced above.  We have demanded the return of the documents and file jackets for months, the Plaintiffs refuse to return said documents.  I've waited as long as I can

1

hoping to get those files back, but settlement discussions have failed and, as a result, the Court ordered oral argument on May 31, 2023 for the Motions pending before that Court. The Motions simply will not be submitted for a Court decision until the end of business on May 31, 2023, and pursuant to the CPLR, the Court decision on the Motions is not expected until August, 2023 (at least 60 days after submission). There could be additional time involved after the Court's decision to obtain certain documents, including those related to this action.

Simply put, I am handcuffed in this action without documentation, and I do not expect to have that documentation until August, 2023, at the earliest. I apologize to the Court and to Plaintiffs and their counsel, but my hands are tied. I tried to work around this problem for this case, but the Plaintiffs in the Nassau Supreme Court case simply will not cooperate with providing any paperwork to me/my clients until the Court in the Nassau Supreme Court action makes her decisions.

Accordingly, I ask that this Court adjourn the arbitration until a date in October, 2023, so that I may obtain the necessary paperwork required to defend this action, or, should the Nassau Court determine instead that my clients are not the owners of the business, to allow time for a substitution of counsel to defend in my place. Please note: The Plaintiffs here are not really prejudiced by this request, your Honor. Plaintiffs here still have the car at issue, co-Defendant CAC settled its portion of the case both with a substantial payment of money as well as forgiving the loan at issue, so there will not be any harm that the Plaintiffs will suffer by this requested adjournment. My clients, however (M/M Anthony Deo), are literally unable to help me defend that action both through the absence of documents taken by the Plaintiffs in the Nassau Supreme action, and through the restraints put upon them (pending decisions on the Motions) by the Order to Show Cause attached hereto.

Awaiting your decision, I remain,

Very truly yours,

Harry R. Thomasson

Cc: Chester Ostrowski, Esq. (attorney for Credit Acceptance Corporation, VIA ECF Only)
Novlette Kidd, Esq. (attorney for Plaintiffs, VIA ECF Only)

MOTION SEQUENCE # ___1___

ORIGINAL RETURN DATE __1/9/23__

RELIEF __OTRO__

SMG

At a Commercial Part 8 of the Supreme Court of the State of New York, County of Nassau, held at the Courthouse 100 Supreme Court Drive, Mineola, New York, on the 15th day of Dec., 2022.

PRESENT: Hon. Sharon M. Gianelli

---------------------------------------------X
BRIAN CHABRIER, INDIVIDUALLY AND AS A
MEMBER OF NORTHSHORE MOTOR LEASING, LLC,
SUING ON BEHALF OF HIMSELF AND ALL OTHER
MEMBERS OF NORTHSHORE MOTOR LEASING,
LLC SIMILARLY SITUATED AND IN THE RIGHT
OF NORTHSHORE MOTOR LEASING, LLC;
JOSHUA AARONSON, AS A MEMBER OF 189
SUNRISE HWY AUTO, LLC, SUING ON BEHALF OF
HIMSELF AND ALL OTHER MEMBERS OF 189
SUNRISE HWY AUTO, LLC SIMILARLY SITUATED,
JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, ISLAND AUTO MANAGEMENT,
LLC,

                                      Plaintiffs,

    -against-

ANTHONY DEO, NORTHSHORE MOTOR LEASING,
LLC, 189 SUNRISE HWY AUTO, LLC, LIBERTAS
FUNDING, LLC, HARRY R. THOMASSON, ESQ.,

                                      Defendants.
---------------------------------------------X

Index No. 617224/2022

ORDER TO
SHOW CAUSE
WITH TEMPORARY
RESTRAINTS

On reading and filing the Affidavit of Brian Chabrier, sworn to the 6th day of December, 2022, the Affidavit of Joshua Aaronson, sworn to the 6th day of December, 2022, the affidavit of Daniel O'Sullivan sworn to the 30th day of November, 2022, the affidavit of Trayvon Whitehead sworn to the 6th day of December, the Summons and Complaint dated December 6, 2022 and all exhibits annexed thereto and upon all the proceedings and pleadings heretofore had herein, let

defendants Anthony Deo, Northshore Motor Leasing, LLC, 189 Sunrise Hwy Auto, LLC and their member, managers, officers and directors and all parties interested in Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise Hwy Auto, LLC ("Sunrise") and Harry R. Thomasson, Esq. and Libertas Funding, LLC,. show cause IN PERSON before this Court at a Commercial Part 8, to be held at the Courthouse, 100 Supreme Court Drive, Mineola, New York, on the 9th day of January, 2022, at 9:30 o'clock in the forenoon or as soon thereafter as counsel can be heard, why an order should not be entered herein:

(a) directing defendant Anthony Deo, ("Deo") to return to Northshore a Maserati demonstration vehicle, being used by his son (b) directing Deo to return all the Dealerships' "dealer" license plates, (c) directing Deo to return all other license plates designated to be issued for vehicles upon sale or lease to a consumer, (d) directing Deo to pay off all existing loans on customers' trade-in vehicles, (e) directing Deo to deliver to Plaintiffs all unsold vehicles owned by Northshore and Sunrise (f) requiring Deo to account for all receipts and expenditures of the Dealerships, (g) directing Deo to turn over the books and records of the Dealerships for inspection and review, (h) directing Deo to return all DMV documents, including, without limitation, registration information for registration/title that were not completed;

and enjoining and restraining Deo from:

(i) taking any action to sell, lease, transfer, pledge or otherwise encumber the assets of Northshore and Sunrise including, but not limited to any motor vehicles, (j) concealing, transferring, altering, modifying, destroying or disposing in any manner of any assets of Northshore and Sunrise, (k) removing any funds of Northshore and Sunrise from its bank accounts or other location in which funds are located, (l) using the assets of Northshore and Sunrise to pay for the costs of defending this action, (m) concealing, transferring, secreting, altering, modifying, destroying or disposing in any manner any evidence pertaining to the claims

asserted in the Summons with Notice, including, without limitation, all books and records of Northshore and Sunrise, and (n) using any license issued in the name of Brian Chabrier, Joshua Aaronson or Jory Baron to conduct any business of Northshore and Sunrise, including, but limited to, the purchase, sale or lease of any motor vehicle, acceptance of any trade of a motor vehicle, or register with the motor vehicle department of any state or issue any temporary or permanent license plate,

enjoining and restraining Libertas Funding, LLC ("Libertas") from enforcing any rights against the assets of the Dealerships, and

enjoining and restraining Harry R. Thomasson, Esq. ("Thomasson") from disbursing the proceeds from Libertas which were deposited into his attorney IOLA account, and it is

FURTHER ORDERED that pending a hearing and determination of this motion, that Deo, or anyone acting on his behalf, be enjoined and restrained from:

(a) taking any action to sell, lease, transfer, pledge or otherwise encumber the assets of Northshore and Sunrise including, but not limited to any motor vehicles, (b) concealing, transferring, altering, modifying, destroying or disposing in any manner of any assets of Northshore and Sunrise, (c) removing any funds of Northshore and Sunrise from its bank accounts or other location in which funds are located, (d) using the assets of Northshore and Sunrise to pay for the costs of defending this action, (e) concealing, transferring, secreting, altering, modifying, destroying or disposing in any manner any evidence pertaining to the claims asserted in the Summons with Notice, including, without limitation, all books and records of Northshore and Sunrise, and (f) using any license issued in the name of Brian Chabrier, Joshua Aaronson or Jory Baron to conduct any business of Northshore and Sunrise, including, but limited to, the purchase, sale or lease of any motor vehicle, acceptance of any trade of a motor vehicle, or register with the

motor vehicle department of any state or issue any temporary or permanent license plate,

Libertas Funding, LLC ("Libertas") be enjoined and restrained from enforcing any rights against the assets of the Dealerships, and

Harry R. Thomasson, Esq. ("Thomasson") be enjoined and restrained from disbursing the proceeds from Libertas which were deposited into his attorney IOLA account; and it is

FURTHER ORDERED, that service of a copy of this order and all the papers upon which it is based upon (i) Anthony Deo by delivery to his attorney, Harry Thomasson, Esq. at 3280 Sunrise Highway, Wantagh, New York 11793, (ii) upon Harry Thomasson, Esq. at 3280 Sunrise Highway, Wantagh, New York 11793 and (iii) upon Libertas Funding, LLC, all by Federal Express, at 411 West Putnam Avenue, Suite 220, Greenwich, Connecticut 06830; on or before 12/16, 2022 be deemed good and sufficient service.

J.S.C.

HON. SHARON M.J. GIANELLI
J.S.C.

**ENTERED**
Dec 14 2022
NASSAU COUNTY
COUNTY CLERK'S OFFICE