# FAGENSON & PUGLISI, PLLC
## ATTORNEYS AT LAW

LAWRENCE M. FAGENSON
CONCETTA PUGLISI
NOVLETTE R. KIDD

450 SEVENTH AVENUE - SUITE 704
NEW YORK, NEW YORK 10123
TEL: (212) 268-2128
FAX: (212) 268-2127

OF COUNSEL
MARK BRETTSCHNEIDER
STEVEN CANDELA
SCOTT G. CERBIN

April 26, 2023

The Honorable Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Owhonda, *et al*. v. Credit Acceptance Corp., *et al*., Case No.:21-cv-03413-JMA-ARL**

Dear Judge Azrack,

    This office represents plaintiffs Alexander Owhonda and Justin Watford in the captioned matter. We write in response to the letter-motion to the Court of defendant Northshore Motor Leasing LLC ("Northshore") filed yesterday. ECF No. 41. Initially, we inform the Court that plaintiffs guardedly agree to Northshore's request that the arbitration be adjourned to a date in October 2023, in light of the pending case of *Chabrier, et al. v. Deo, et al.,* under Index No. 617224/2022 in Nassau County Supreme Court.

    Though the NYSCEF docket of that matter does not reflect that oral arguments are scheduled for May 31, 2023, we accept Mr. Thomasson's representation to the Court that this is so. Plaintiffs therefore respectfully request that Mr. Thomasson be directed to inform this Court of any Order issued by Nassau County Supreme Court pursuant to the Order to Show Cause no later than five days following the issuance of such Order.

    Contrary to Northshore's statement in its letter to the Court, plaintiffs are gravely prejudiced not only by the length of this seemingly now necessary delay of the arbitration, but by the rampant, wanton illegalities that have apparently been perpetrated by assorted members, owners and officers of Northshore, as revealed in papers filed in the Supreme Court matter. These activities are unsurprising, however, given the breadth of the fraud which Northshore perpetrated upon plaintiffs herein which led to the filing of this action. As a reminder to the Court, in this case, plaintiffs bought a car priced at $9,855. After a down payment of $5,000, they left Northshore with a lemon and a loan obliging them to pay $24,483 as scheduled. Plaintiffs remain keen to pursue their claims for damages against Northshore for Northshore's many statutory and common law violations. Mr. Thomasson's statement of a "substantial payment of money" by terminated defendant Credit Acceptance Corp. ("CAC") is simply false. Further, plaintiffs settled discrete claims against CAC, having nothing to do with Northshore's multiple violations.

In January 2022, Mr. Thomasson was directed to provide the deal file (or deal jacket) to the undersigned in advance of the mediation which had then been scheduled. Not only did Mr. Thomasson not provide the deal file, but he did not attend the mediation. Last Summer, he represented to the Court that he had been unwell. But, had plaintiffs' deal file been turned over to plaintiffs in January last year as directed, the apparent absconding with all deal files which occurred in December 2022 as recounted in papers filed in the Supreme Court action would not have had this prejudicial effect on the within action.

Finally, it must be said that Mr. Thomasson was aware of the Supreme Court action no later than December 8, 2022 when he filed his notice of appearance therein, but breathed not a word to this Court, the undersigned, or to the arbitrator at the pre-arbitration conference held in January 2023. In fact, an email from Mr. Thomasson on April 21, 2023 was the first time we were informed of the by then almost 5-month-old Supreme Court action.

We thank the Court for your kind consideration of the foregoing.

Respectfully Submitted,
FAGENSON & PUGLISI, PLLC


By: */s/ Novlette R. Kidd*
    NOVLETTE R. KIDD, ESQ.

NRK/sa