# Harry R. Thomasson, Esq.

| | |
|---|---|
| 3280 Sunrise Highway, Box 112<br>Wantagh, New York  11793<br>Tel. 516-557-5459<br>hrtatty@verizon.net | Admitted:<br>Massachusetts<br>New York |

September 20, 2023

VIA ECF FILING ONLY

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

       Re:    *Owhonda, et al., v. Credit Acceptance Corporation, et al.*
              Case Number 2:21-cv-03413-JMA-ARL

Your Honor:

      Please be reminded that I represent Defendant NorthShore Motor Leasing LLC, in the above referenced action.  This matter is presently in Court ordered arbitration.  I am writing to request an adjournment of the arbitration, as follows:

      Please be reminded that the arbitration was adjourned to October at my request given the dispute of ownership taking place regarding NorthShore Motor Leasing LLC (hereinafter, "NorthShore").  I wrote the Court in April to inform you about the Nassau Supreme Court action regarding the ownership dispute, and I also informed the Court that there was an Order to Show Cause being decided that could impact this action.  The name of the Nassau Supreme Court action is *Chabrier, et al., v. Deo, et al.*, Nassau County (New York) Supreme Court index number 617224/2022.  That action (in sum and substance) is an action (*inter alia*) to determine ownership of Defendant NorthShore Motor Leasing LLC.

      Again, I represent most of the Defendants in that action.  I am only named in the action individually to the extent that corporate funds were once in my escrow account (although they were moved prior to any action being filed and it is expected that I will be dismissed as a Defendant once the Motions are decided).  The Order to Show Cause was decided in my clients' favor, the Court deciding that the Plaintiffs "failed to demonstrate a likelihood of success" on the merits of their case.  However, Plaintiffs still have not returned any of the documents and files belonging to NorthShore, and I have no files or documents to defend this action even though my client still claims ownership of the corporation.

      Moreover, the corporation is, at this time, a shell with no assets.  Co-Defendant in this action has settled with Plaintiffs by 1) cancelling the loan on the car at issue; and 2) paying money to Plaintiffs on top of cancelling the money owed to CAC as lender on the car.  Plaintiffs still have the car at issue, now with no loan on the vehicle.

      I am writing because my client has no files or documents related to this case, the corporation is a closed shell, and the other parties to the dispute know about this action (I told them to look it up in the Pacer/ECF system) but have thus far failed and refused to join this action.  Instead, those Plaintiffs in the Nassau Supreme Court action, Brian Chabrier, et al, have now commenced a new action in this Court (EDNY) expanding their claims against my clients, and now also making RICO claims against me.

      I really don't know what to do about this case, except that I cannot defend or settle it at the present time.  Your Court order expects an arbitration to be done by next month, and after a conference last week with the arbitrator, the parties to this action agreed that I needed to write the Court and obtain relief.

      So I am requesting that the arbitration be put off for another six (6) months or more to see if any resolution between my clients and the Chabrier parties will also allow for resolution of this action.  Again, Plaintiffs here are not really prejudiced by this request, your Honor.  Plaintiffs here still have the car at issue, co-Defendant CAC settled its portion of the case both with a substantial payment of money as well as forgiving the loan at issue, so there will not be any harm that the Plaintiffs will suffer by this requested adjournment.  My clients, however (M/M Anthony Deo), are literally unable to help me defend that action both through the absence of documents taken by the Plaintiffs in the Nassau Supreme action, and their on-going refusal to provide documents to undersigned.

      Awaiting your decision, I remain,

      Very truly yours,

      /S/

      Harry R. Thomasson

Cc:    Chester Ostrowski, Esq. (attorney for Credit Acceptance Corporation, VIA ECF Only)
        Novlette Kidd, Esq. (attorney for Plaintiffs, VIA ECF Only)